[S. F. No. 9377. In Bank.—November 15, 1920.]

In the Matter of the Estate of JOHN ROBERTSON, Deceased.

[1] ESTATES OF DECEASED PERSONS—WILL—DISTRIBUTION OF RESIDUE —CONSTRUCTION.—A will giving all of the testator's separate personal property and the rents of his ranch for three successive years to his wife in case she survived him, and directing that in case she did not survive him that all of his property be distributed as provided in the next section, which section gave the residue of his property to his children, is to be construed entirely without regard to the latter section, where the wife survived the testator, and she cannot claim that he died intestate as to the residue.

APPEAL from a decree of final distribution of the Superior Court of Sonoma County. Thomas C. Denny, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. F. Cowan for Appellant.

J. R. Leppo, Kellogg & Kyle and L. G. Scott for Respondents.

ANGELLOTTI, C. J.—This is an appeal by Grace Robertson, the widow of deceased, from the decree of final distribution given in the estate, in so far as it distributes to the children of deceased all of the real property of the deceased, subject only to a provision in her favor for the rents of one parcel thereof for a period of three years. Her claim in this behalf is based upon the theory that as to the realty deceased died intestate, and that she as surviving wife has succeeded to an interest therein. All of the property was separate property of the husband.

The will of deceased, in so far as is material to the controversy, is as follows:

"First: I hereby will, devise and bequeath unto my beloved wife, Grace Robertson, all personal property, including any money in banks that I may possess at the time of my death, and in addition thereto, I direct that my ranch be rented for three successive years after my death and she paid at the

CLXXXIV Cal.— 20

rate of $500.00 per year from said rental for a period of three successive years, provided, however, if agreeable to all parties, my sons and daughters may make other provisions for said payments, this to be in case she survive me; in case she does not survive me I then desire all my property to be distributed as in the next section herein.

"Second: I hereby will, devise and bequeath all of the rest and residue of my property in the following manner, to wit:

"1st: To my son John Robertson, Jr., the sum of $1,000, and thereafter all the rest and residue of my property be the same real, personal or mixed and wheresoever situated share and share alike to my sons and daughters" (naming them).

"I make no bequest to the children of my wife by her former marriage, . . ."

The wife having survived the deceased, the superior court distributed all personal property to her and also gave her the rents of the ranch for a period of three years, and distributed the residue as provided in the second subdivision of the will. The claim of the surviving wife to the effect that deceased died intestate as to the residue is based on the theory that by reason of the sentence "in case she does not survive me then I desire all my property to be distributed as in the next section herein" contained in the subdivision denominated "First," the disposing provisions of the subdivision denominated "Second" were to have effect only in the event that the wife predeceased her husband, with the result that as she survived deceased, there was no disposition of the residue, and consequently intestacy in regard thereto.

[1] It seems to us that this claim is entirely destitute of merit. The intention of the testator as expressed in the will is so clear as to not present a debatable question. He desired his wife to have, if she survived him, the personal property and rents of the ranch for three years, as specified in the subdivision denominated "First," and in that event he desired "all the rest and residue" to go to his sons and daughters as specified in the subdivision denominated "Second." By the latter subdivision he says, "I hereby will, devise and bequeath all of the rest and residue of my property in the following manner, to wit": an absolute disposition of the "rest and residue" remaining after the prior disposition to the wife. If the wife did not survive him, he

desired the portion of the estate given to her to go in the same manner as the "rest and residue" was to go if she survived him, and it was to accomplish this and to prevent intestacy as to the portion given to the wife, that he inserted at the end of subdivision first the words, "in case she does not survive me then I desire all my property to be distributed as in the next section herein." This was manifestly a provision designed to have effect only in the event of the wife's dying before him, a simple statement that if she did not survive him, he desired "*all*" his property to go in the same manner "*as*" the "rest and residue" was to go if she survived him. In view of the fact that she did survive him, the will is to be construed entirely without regard to this provision.

The record shows that an appeal was also taken from the decree by the executors of the will, but the same has not been prosecuted and no brief has been filed thereon.

The appeal taken by the executors is dismissed. On the appeal by the widow the decree of distribution is affirmed.

Shaw, J., Olney, J., Lennon, J., Wilbur, J., Sloane, J., and Lawlor, J., concurred.